UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

TOMER AMAR,

    Plaintiff,

v.                                                                Civil Action No.:

REALPAGE, INC., d/b/a LeasingDesk
Screening,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, TOMER AMAR, by Counsel, and for his complaint against Defendant Leasing Desk, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought against Defendant pursuant to 15 U.S.C. §§ 1681a–x, the Fair Credit Reporting Act ("FCRA").

2. Congress enacted the FCRA out of concerns that consumer reporting agencies ("CRAs") were not adequately carrying out their responsibilities to report accurate information about consumers. Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec. 2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA in 1970 to ensure the

"confidentiality, accuracy, relevancy, and proper utilization" of credit reports. 15 U.S.C. § 1681(b).

3. To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, the most fundamental of which is the requirement that CRAs "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

4. Every CRA that provides a consumer report is bound by the maximum possible accuracy requirement, regardless of whether the report is going directly to the ultimate user or an intermediary reseller who will later provide the report to the user. *See id*.

5. RealPage, Inc., *d/b/a LeasingDesk Screening* provides consumer data in a LeasingDesk report that advises prospective landlords and/or apartment complexes with risk scores for proposed tenants that includes criminal public record information.

6. Plaintiff applied for housing in Florida in early May 2022. The prospective landlord obtained a LeasingDesk consumer report about Plaintiff from Defendant around that same time. The report Defendant furnished to the landlord inaccurately reported criminal charges about the Plaintiff, that was actually a minor traffic violation of failing to pay a toll.

7. Plaintiff has no criminal history.

8. Defendant's LeasingDesk report branded Plaintiff a criminal, and the Florida landlord hesitated to rent the property to him because of this criminal history.

9. Plaintiff brings an individual claim against Defendant for violations of 15 U.S.C. § 1681e(b). Plaintiff has no criminal history, yet Defendant reported to the potential landlord that Plaintiff was a criminal. That error caused Plaintiff to be delayed in leasing the apartment and it humiliated and embarrassed him.

## JURISDICTION AND VENUE

10. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District and Division.

## PARTIES

12. The Plaintiff is a natural person and "consumer" as protected and governed by the FCRA.

13. Defendant RealPage, Inc. d/b/a LeasingDesk Screening is a foreign corporation that is headquartered in Richardson, Texas and is doing business in the State of Florida.

14. RealPage, Inc. is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating,

and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

## STATEMENT OF FACTS

15. Plaintiff applied to rent at the Loftin Place apartments in West Palm Beach Florida in May of 2022.

16. In connection with Plaintiff's rental application, the prospective landlord requested a LeasingDesk report about Plaintiff's background from the Defendant RealPage.

17. Defendant provided the report to the apartment complex in Florida, where the prospective landlord reviewed it in conjunction with Plaintiff's rental application.

18. The LeasingDesk report that Defendant furnished to the landlord included criminal history information that was inaccurate. In the field of the report for "Offense Information" Defendant included a disposition of "Clerk-Adj withheld for school election or Toll Violations" for a charge of Failure to pay a Bridge toll on or about April 24, 2019.

19. This minor traffic infraction was not in fact a criminal record that the Defendant should have reported about the Plaintiff.

20. The report was therefore inaccurate or at least materially misleading. The charges against Plaintiff were not a criminal conviction.

21. RealPage could have either looked more closely at the records to clearly see this was a traffic infraction involving a bridge toll – and certainly not a criminal record.

22. Plaintiff disputed the inaccuracy with RealPage (Leasing Desk). RealPage admitted its obvious mistake and corrected Plaintiff's report to delete the information, but embarrassment and damage had already been done.

23. Reasonable procedures would have looked more closely at the court records and attempted to reconcile the inconsistencies identified above with the information RealPage wound up reporting in its LeasingDesk report.

## CLAIMS FOR RELIEF

### COUNT I – FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

24. Plaintiff restates the allegations in Paragraphs 1–9 and 15–23 as if set forth at length herein.

25. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report that it furnished regarding the Plaintiff.

26. Because of Defendant's conduct, Plaintiff suffered actual damages, including but not limited to: hesitation in leasing the apartment, loss of sleep, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

27.     Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

28.     Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs, and attorneys' fees from Defendant in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; equitable relief allowed by law; and any such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**TOMER AMAR**

By:     */s/ Craig C. Marchiando*
Craig C. Marchiando
Florida Bar No. 1010769
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
Email: craig@clalegal.com

*Counsel for Plaintiff*